MWG:DJM
F. #2025R00073

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

KARSEM ALLEN, also known as
    "Short,"
CAROLYN HICKS-TORRES,
HENRY MCCUMMINGS,
ROHNIQUE POSEY, also known as
    "Pioneer," and
DOMINIC SMITH,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
*   JULY 1, 2025   *
BROOKLYN OFFICE

I N D I C T M E N T

Cr. No. 25-CR-216
(T. 18, U.S.C., §§ 371, 922(a)(1)(A),
922(k), 922(o)(1), 924(a)(1)(B),
924(a)(1)(D), 924(a)(2), 924(d)(1),
933(a)(1), 933(a)(2), 933(a)(3), 933(b),
934(a)(1), 2 and 3551 et seq.; T. 21,
U.S.C., §§ 841(a)(1), 841(b)(1)(C),
853(a) and 853(p); T. 26, U.S.C.,
§§ 5845(a)(6), 5845(b), 5861(d), 5871
5872; T. 28, U.S.C., § 2461(c); T. 49,
U.S.C., § 80303))

Judge Brian M. Cogan
Magistrate Judge Peggy Kuo

THE GRAND JURY CHARGES:

COUNT ONE
(Firearms Trafficking Conspiracy)

    1.    In or about and between December 2024 and June 2025, both dates being

approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants KARSEM ALLEN, also known as "Short," CAROLYN HICKS-TORRES, HENRY

MCCUMMINGS, ROHNIQUE POSEY, also known as "Pioneer," and DOMINIC SMITH,

together with others, did knowingly and intentionally conspire to (a) ship, transport, transfer,

cause to be transported and otherwise dispose of one or more firearms to another person, in and

affecting interstate and foreign commerce, knowing and having reasonable cause to believe that

the use, carrying and possession of a firearm by the recipient would constitute a felony; and

(b) receive from another person one or more firearms, in and affecting interstate and foreign

commerce, knowing or having reasonable cause to believe that such receipt would constitute a felony, contrary to Title 18, United States Code, Sections 933(a)(1) and 933(a)(2).

(Title 18, United States Code, Sections 933(a)(3), 933(b) and 3551 et seq.)

### COUNT TWO
### (Firearms Trafficking)

2.      In or about and between December 2024 and June 2025, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants KARSEM ALLEN, also known as "Short," CAROLYN HICKS-TORRES, HENRY MCCUMMINGS, ROHNIQUE POSEY, also known as "Pioneer," and DOMINIC SMITH, together with others, did knowingly and intentionally (a) ship, transport, transfer, cause to be transported and otherwise dispose of one or more firearms to another person, in and affecting interstate and foreign commerce, knowing and having reasonable cause to believe that the use, carrying and possession of a firearm by the recipient would constitute a felony; and (b) receive from another person one or more firearms, in and affecting interstate and foreign commerce, knowing or having reasonable cause to believe that such receipt would constitute a felony.

(Title 18, United States Code, Sections 933(a)(1), 933(a)(2), 933(b), 2 and 3551 et seq.)

### COUNT THREE
### (Unlicensed Firearms Dealing Conspiracy)

3.      In or about and between December 2024 and June 2025, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants KARSEM ALLEN, also known as "Short," CAROLYN HICKS-TORRES, HENRY MCCUMMINGS, ROHNIQUE POSEY, also known as "Pioneer," and DOMINIC SMITH, together with others, did knowingly and willfully conspire to engage in the business of dealing in

firearms without being licensed importers, licensed manufacturers or licensed dealers, and in the course of such business, to ship, transport and receive one or more firearms in interstate and foreign commerce, contrary to Title 18, United States Code, Section 922(a)(1)(A).

      4.    In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendants KARSEM ALLEN, CAROLYN HICKS-TORRES, HENRY MCCUMMINGS, ROHNIQUE POSEY and DOMINIC SMITH, together with others, in connection with the sale of firearms, did commit and cause the commission of, among others, the following:

OVERT ACTS

      (a)    On or about December 13, 2024, POSEY made a phone call at approximately 11:12 A.M.

      (b)    On or about December 13, 2024, ALLEN and HICKS-TORRES sold three firearms in Queens, New York.

      (c)    On or about January 28, 2025, POSEY sold a firearm in Queens, New York.

      (d)    On or about March 8, 2025, POSEY made a phone call at approximately 12:24 P.M.

      (e)    On or about March 8, 2025, MCCUMMINGS and SMITH travelled together in a vehicle to a location in Queens, New York.

      (f)    On or about March 8, 2025, MCCUMMINGS sold a firearm in Queens, New York.

      (g)    On or about March 10, 2025, POSEY made a phone call at approximately 6:08 P.M.

4

(h)  On or about March 10, 2025, MCCUMMINGS and SMITH met in Queens, New York at approximately 6:47 P.M.

(i)  On or about March 10, 2025, MCCUMMINGS sold a firearm in Queens, New York.

(j)  On or about March 10, 2025, MCCUMMINGS and SMITH met in Queens, New York at approximately 7:04 P.M.

(k)  On or about April 2, 2025, POSEY travelled in a vehicle from Queens, New York to Medford, New York.

(l)  On or about April 2, 2025, ALLEN and HICKS-TORRES sold five firearms, two of which had previously been reported stolen, in Medford, New York.

(m)  On or about April 16, 2025, POSEY sold a firearm in Queens, New York.

(n)  On or about April 21, 2025, MCCUMMINGS, POSEY and SMITH met in Queens, New York at approximately 11:37 A.M.

(o)  On or about April 21, 2025, MCCUMMINGS sold two firearms, one of which had an obliterated serial number, in Queens, New York.

(p)  On or about April 21, 2025, MCCUMMINGS and SMITH met in Queens, New York at approximately 11:54 A.M.

(q)  On or about June 16, 2025, POSEY made a phone call at approximately 12:59 P.M.

(r)  On or about June 16, 2025, ALLEN and HICKS-TORRES sold six firearms in Queens, New York.

(s)    On or about June 23, 2025, POSEY made a phone call at approximately 12:53 P.M.

(t)    On or about June 23, 2025, MCCUMMINGS sold two firearms, both of which had obliterated serial numbers, in Queens, New York.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

### COUNT FOUR
(Unlicensed Firearms Dealing)

5.    In or about and between December 2024 and June 2025, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants KARSEM ALLEN, also known as "Short," CAROLYN HICKS-TORRES, HENRY MCCUMMINGS, ROHNIQUE POSEY, also known as "Pioneer," and DOMINIC SMITH, together with others, each not being a licensed importer, licensed manufacturer or licensed dealer of firearms, did knowingly and intentionally engage in the business of dealing in firearms, and in the course of such business did ship, transport and receive one or more firearms in interstate and foreign commerce.

(Title 18, United States Code, Sections 922(a)(1)(A), 924(a)(1)(D), 2 and 3551 et seq.)

### COUNT FIVE
(Distribution of Cocaine Base)

6.    On or about January 24, 2025, within the Eastern District of New York and elsewhere, the defendant ROHNIQUE POSEY, also known as "Pioneer," together with

others, did knowingly and intentionally distribute a controlled substance, which offense involved a substance containing cocaine base, a Schedule II controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT SIX
### (Distribution of Cocaine Base)

7.    On or about January 28, 2025, within the Eastern District of New York and elsewhere, the defendant ROHNIQUE POSEY, also known as "Pioneer," together with others, did knowingly and intentionally distribute a controlled substance, which offense involved a substance containing cocaine base, a Schedule II controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT SEVEN
### (Distribution of Cocaine Base)

8.    On or about February 20, 2025, within the Eastern District of New York and elsewhere, the defendant ROHNIQUE POSEY, also known as "Pioneer," together with others, did knowingly and intentionally distribute a controlled substance, which offense involved a substance containing cocaine base, a Schedule II controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT EIGHT
### (Distribution of Cocaine Base)

9.    On or about March 27, 2025, within the Eastern District of New York and elsewhere, the defendant ROHNIQUE POSEY, also known as "Pioneer," together with others,

did knowingly and intentionally distribute a controlled substance, which offense involved a substance containing cocaine base, a Schedule II controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT NINE
(Possession of a Defaced Firearm – SCT Manufacturing SCT 19)

10.    On or about April 21, 2025, within the Eastern District of New York and elsewhere, the defendant HENRY MCCUMMINGS, together with others, did knowingly and intentionally possess a firearm, to wit: one SCT Manufacturing model SCT 19 9mm caliber pistol, knowing that such firearm had the manufacturer's serial number removed, obliterated and altered, and which firearm had been shipped and transported in interstate commerce.

(Title 18, United States Code, Sections 922(k), 924(a)(1)(B), 2 and 3551 et seq.)

## COUNT TEN
(Possession of Machineguns)

11.    On or about June 16, 2025, within the Eastern District of New York and elsewhere, the defendants KARSEM ALLEN, also known as "Short," and CAROLYN HICKS-TORRES, together with others, did knowingly and intentionally possess one or more machineguns, to wit: four machinegun conversion devices designed and intended solely and exclusively for use in converting a semi-automatic pistol into a machinegun.

(Title 18, United States Code, Sections 922(o)(1), 924(a)(2), 2 and 3551 et seq.; Title 26, United States Code, Section 5845(b))

## COUNT ELEVEN
(Possession of Unregistered Firearms)

12.    On or about June 16, 2025, within the Eastern District of New York and elsewhere, the defendants KARSEM ALLEN, also known as "Short," and CAROLYN HICKS-

TORRES, together with others, did knowingly and intentionally possess one or more firearms which were not registered to them in the National Firearms Registration and Transfer Record, to wit: four machinegun conversion devices designed and intended solely and exclusively for use in converting a semi-automatic pistol into a machinegun.

(Title 26, United States Code, Sections 5861(d), 5845(a)(6), 5845(b) and 5871; Title 18, United States Code, Sections 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS ONE AND TWO

13.     The United States hereby gives notice to the defendants that, upon their conviction of either of the offenses charged in Counts One and Two, the government will seek forfeiture in accordance with Title 18, United States Code, Sections 924(d)(1) and 934(a)(1), and Title 28, United States Code, Section 2461(c), which require the forfeiture of: (a) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses; (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses; and (c) any firearm or ammunition involved in or used in any violation of any criminal law of the United States.

14.     If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

> (a)    cannot be located upon the exercise of due diligence;
>
> (b)    has been transferred or sold to, or deposited with, a third party;
>
> (c)    has been placed beyond the jurisdiction of the court;
>
> (d)    has been substantially diminished in value; or
>
> (e)    has been commingled with other property which cannot be divided

without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 924(d)(1) and 934(a)(1); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS THREE, FOUR, NINE AND TEN

15.    The United States hereby gives notice to the defendants that, upon their conviction of any of the offenses charged in Counts Three, Four, Nine and Ten, the government will seek forfeiture in accordance with Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any knowing violation of Title 18, United States Code, Section 922 or Section 924.

16.    If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred or sold to, or deposited with, a third party;

(c)    has been placed beyond the jurisdiction of the court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 924(d)(1); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS FIVE THROUGH EIGHT

17.    The United States hereby gives notice to the defendant charged in Counts Five through Eight that, upon his conviction of such offenses, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853(a), which requires any person convicted of such offenses to forfeit: (a) any property constituting, or derived from, any proceeds obtained directly or indirectly as a result of such offenses; and (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses.

18.    If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided

without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

seek forfeiture of any other property of the defendant up to the value of the forfeitable property

described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a) and 853(p))

## CRIMINAL FORFEITURE ALLEGATION
### AS TO COUNT ELEVEN

19.     The United States hereby gives notice to the defendants charged in Count

Eleven that, upon their conviction of such offense, the government will seek forfeiture in

accordance with Title 18, United States Code, Section 924(d)(1), Title 26, United States Code,

Section 5872, Title 28, United States Code, Section 2461(c), which require the forfeiture of:

(a) any firearm involved in any violation of Title 26, United States Code, 5861 and (b) any

firearm or ammunition involved in or used in any violation of any criminal law of the United

States.

20.     If any of the above-described forfeitable property, as a result of any act or

omission of the defendants:

> (a)     cannot be located upon the exercise of due diligence;

> (b)     has been transferred or sold to, or deposited with, a third party;

> (c)     has been placed beyond the jurisdiction of the court;

> (d)     has been substantially diminished in value; or

> (e)     has been commingled with other property which cannot be divided

without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 924(d)(1); Title 21, United States Code,

Section 853(p); Title 26, United States Code, Section 5872; Title 28, United States Code, Section 2461(c); Title 49, United States Code, Section 80303)

A TRUE BILL

s/

FOREPERSON

*By Carolyn Pokorny, Assistant U.S. Attorney*

JOSEPH NOCELLA, JR.
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK